# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ulysses Feagin, | Case No. 1: 21 CV 595 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Richland County Sheriff, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

### Introduction

*Pro se* Petitioner Ulysses Feagin, an inmate in the Richland County Jail, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1). He originally filed the Petition in the Southern District of Ohio, and it was transferred here on March 15, 2021.

Although his Petition is unclear, Petitioner challenges his custody pending trial and the lawfulness of proceedings in two criminal cases against him in Richland County. (*See id*. at 2.) He contends he is "being held without a bond unlawfully," that his attorney has not adequately represented him, that the prosecution does not have a case against him, and that he cannot receive a fair and impartial trial in Richland County. (*Id*. at 2-3.) The only discernible specific relief he seeks in his Petition is federal-court intervention in his pending state criminal cases. He states he "is reaching out . . . in hopes [the Court] may expedite and intervene, and do justice to the judicial system for [him] and future citizens of the United States." (*Id*. at 3.)

In addition to his Petition, Petitioner has submitted two additional filings in the case, a letter addressed to the Court filed on April 20, 2021 (Doc. No. 6) and a "Motion to Strike" (Doc. No. 7). These filings, like the Petition, are also unclear, but Petitioner further complains in them about his

state criminal proceedings. Among the complaints he asserts in his April letter is his belief that he has not received a speedy trial, for which he asserts that "all charges [against him] should be dismissed." (Doc. No. 6 at 1.)

## Standard of Review

Under 28 U.S.C. § 2243, federal district courts conduct an initial screening review of habeas corpus petitions. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). A court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

## Discussion

Upon review, the Court finds that the Petition must be dismissed.

As an initial matter, the Court will construe the Petition as brought under 28 U.S.C. § 2241, not § 2254. Section 2254 provides federal habeas corpus relief to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A state pretrial detainee does not meet § 2254's in custody requirement. A state pretrial detainee may seek habeas relief in certain circumstances pursuant to 28 U.S.C. § 2241; therefore, in the spirit of liberal construction, the Court will construe the Petition under § 2241. *See Fisher v. Rose*, 757 F.2d 789, 792, n. 2 (6th Cir. 1985) (recognizing

2

court's authority to construe a pretrial detainee's petition filed under § 2254 as being brought under § 2241).

Nonetheless, although § 2241 establishes the jurisdiction of a federal court to consider a habeas corpus petition of a state pretrial detainee, it is well-settled that a federal court should not interfere in pending state criminal proceedings absent a threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). "Courts have generally recognized that *Younger* applies to applications for the writ of habeas corpus." *Smith v. Hall*, No. 3:12-CV-1022, 2013 WL 587479, at *3 (M.D. Tenn. Feb. 13, 2013) (collecting cases).

The Sixth Circuit has instructed:

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted). *See also Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) ("a pretrial detainee may petition for habeas relief, but such claims are extraordinary").

Thus, "[f]ederal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011) (citation omitted). First, a claim that the state prosecution violates the Double Jeopardy Clause – assuming that the claim has been exhausted – may be considered notwithstanding the abstention principles set forth in *Younger*. *In re Justices of Superior Court Dept. of Mass. Trial Ct*., 218 F. 3d 11, 17-19 (1st Cir.

3

2000); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Second, a claim that a defendant's right to a speedy trial is being violated may be considered, but only if the petitioner has exhausted his state court remedies with regard to such claim and he seeks an order compelling the state to grant him a speedy trial rather than dismissing charges against him altogether. *Justices of Superior Court*, 218 F.3d at 19; *Atkins*, 644 F.2d at 546; *Humphrey*, 840 F. Supp. 2d at 1043. "The exhaustion requirement is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief, dismissal of the case, could not be more disruptive of pending state actions. Therefore, relief is generally limited to ordering the State to bring the petitioner to trial." *Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (internal quotations and citation omitted.)

Dismissal of the Petition is mandated under *Younger* and *Atkins* here. Although Petitioner purports to challenge the legality of his pretrial custody and various aspects of ongoing state criminal proceedings, he has not asserted any claim, either in his Petition or his subsequent filings, that falls within the scope of the two recognized exceptions to the abstention doctrine. His Petition does not assert either a double jeopardy or speedy trial claim. To the extent the letter he filed in April can be construed as asserting a speedy trial claim for purposes of his Petition, he has not demonstrated he has exhausted his available state remedies as to such a claim, and the only specific relief he seeks is dismissal of "all charges" against him, which is not an available remedy on habeas review under § 2241.

In short, the complaints Petitioner raises in his Petition are premature for purposes of federal habeas corpus review because he has not demonstrated he has fully exhausted his claims in his state criminal cases, including on direct appeal and collateral attack. *See Atkins*, 644 F.2d 546 ("courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

4

either by trial on the merits in the state courts or by other state procedures available to the petitioner"); *see also Patton*, 2021 WL 2026933, at *2 ("A § 2241 petitioner must exhaust his available state-court remedies before proceeding in federal court, which generally requires appeal through to the State's court of last resort.").

The Court will therefore deny the Petition without prejudice in order to afford Petitioner the opportunity to fully exhaust his claims and remedies in the Ohio courts prior to seeking federal habeas corpus relief.

### Conclusion

For the foregoing reasons, the Petition is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). The pending Motion to Strike (Doc. No. 7) is denied as moot. The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                        s/Pamela A. Barker
                                        PAMELA A. BARKER
Date:  July 12, 2021                  U. S. DISTRICT JUDGE